UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LYNNE MCGRAIL,

    Plaintiff,

v.                                                                                    Case No: 2:16-cv-612-FtM-CM

NANCY BERRYHILL
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

## OPINION AND ORDER

Plaintiff Lynne McGrail seeks judicial review of the denial of her claims for period of disability and disability insurance benefits ("DIB") and supplemental security income ("SSI") by the Commissioner of the Social Security Administration ("Commissioner"). The Court has reviewed the record, the briefs and the applicable law. For the reasons discussed herein, the decision of the Commissioner is **REVERSED**, and this matter is **REMANDED** pursuant to 42 U.S.C. § 405(g), sentence four.

### I.    Issues on Appeal[1]

Plaintiff raises two issues on appeal: (1) whether substantial evidence supports the Administrative Law Judge's ("ALJ") consideration of Plaintiff's headaches; and

---

[1] Any issue not raised by Plaintiff on appeal is deemed to be waived. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004) (holding that "a legal claim or argument that has not been briefed before the court is deemed abandoned and its merits will not be addressed.").

(2) whether substantial evidence supports the ALJ's finding that Plaintiff can perform her past relevant work.

## II.     Procedural History and Summary of the ALJ's Decision

On April 29, 2009, Plaintiff filed applications for DIB and SSI, alleging that she became disabled and unable to work on September 15, 2005.  Tr. 13, 135, 201-10. Plaintiff alleged disability due to multiple sclerosis ("MS"), migraines, chronic pain and fatigue, fibromyalgia, high blood pressure, irritable bowel syndrome and depression.  Tr. 267.  Plaintiff's application initially was denied on January 21, 2010 and upon reconsideration on July 7, 2010.  Tr. 120-23.  Plaintiff requested a hearing before an ALJ and received a hearing before ALJ Frederick McGrath on August 23, 2011.  Tr. 99-119.  Following an unfavorable decision by the ALJ, Plaintiff filed an appeal with the Appeals Council, claiming that the ALJ did not adequately evaluate her mental impairment.  Tr. 151-52, 184.  The Appeals Council granted the appeal, and, subsequent to remand, Plaintiff received a second hearing before ALJ Larry J. Butler on January 28, 2014.  Tr. 38-98, 150-53.  Plaintiff, who was represented by counsel, appeared and testified at the hearing.  Tr. 38-98.

On March 30, 2015, the ALJ issued a decision finding Plaintiff not disabled between September 15, 2005 and the date of the decision.  Tr. 13-24.  At step one, the ALJ determined that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2010 and has not engaged in substantial gainful activity since September 15, 2005, the alleged onset date.  Tr. 15.  At step two, the ALJ determined that Plaintiff has the following severe impairments: MS, headaches,

chronic pain and fibromyalgia. *Id.* At step three, the ALJ concluded that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. 17. The ALJ then determined that Plaintiff has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b),[2] "except [Plaintiff] cannot climb ladders, ropes, or scaffolds. [Plaintiff] must also avoid concentrated exposure to extreme cold, extreme heat, and must not work about unprotected heights or dangerous machinery." Tr. 18. Next, the ALJ found that Plaintiff is capable of performing her past relevant work as a program analyst because functioning in that capacity would not require the performance of work-related activities precluded by Plaintiff's RFC. Tr. 23. As a result, the ALJ found that Plaintiff had not been under a disability from September 15, 2005, through the date of the decision. Tr. 24.

Following the ALJ's decision, Plaintiff filed a request for review by the Appeals Council, which was denied on June 6, 2016. Tr. 1-4. Accordingly, the March 30, 2015 decision is the final decision of the Commissioner. Plaintiff filed an appeal in this

---

[2] The regulation defines light work as work that involves:

> lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [a claimant] must have the ability to do substantially all of these activities. If someone can do light work, [it is determined] that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

Court on August 5, 2016. Doc. 1. Both parties have consented to the jurisdiction of the United States Magistrate Judge, and this matter is now ripe for review. Doc. 17.

### III. Social Security Act Eligibility and Standard of Review

A claimant is entitled to disability benefits when she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A); 20 C.F.R. § 404.1505(a).[3] The Commissioner has established a five-step sequential analysis for evaluating a claim of disability. *See* 20 C.F.R. §416.920. The Eleventh Circuit has summarized the five steps as follows:

> (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment or combination of impairments; (3) if so, whether these impairments meet or equal an impairment listed in the Listing of Impairments; (4) if not, whether the claimant has the residual functional capacity ("RFC") to perform his past relevant work; and (5) if not, whether, in light of his age, education, and work experience, the claimant can perform other work that exists in "significant numbers in the national economy."

---

[3] The Court notes that after Plaintiff filed her applications and the ALJ issued the decision, certain Social Security rulings and regulations have been amended, such as the regulations concerning the evaluation of medical opinions and evaluation of mental impairments. *See e.g.*, 20 C.F.R. §§ 404.1520a, 404.1520c and 404.1527 (effective March 27, 2017); SSR 16-3p, 2016 WL 1119029 (March 16, 2016). The Court will apply rules and regulations in effect at the time of the ALJ's decision, unless regulations specify otherwise. *Green v. Soc. Sec. Admin., Comm'r*, — F. App'x —, 2017 WL 3187048, at *4 (11th Cir. July 27, 2017) (in reviewing the ALJ's decision, refusing to apply SSR 16-3p retroactively because "administrative rules are not generally applied retroactively."); *Bowen v. Georgetown Univ. Hosp.*, 488 U.S. 204, 208 (1988) ("[C]ongressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result."); 20 C.F.R. § 404.1527 (effective March 27, 2017) ("For claims filed . . . before March 27, 2017, the rules in this section apply."). *See also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) (holding that when the Appeals Council denies review of the ALJ's decision, appellate courts review the ALJ's decision as the Commissioner's final decision).

*Atha v. Comm'r Soc. Sec. Admin.*, 616 F. App'x 931, 933 (11th Cir. 2015) (citing 20 C.F.R. §§ 416.920(a)(4), (c)-(g), 416.960(c)(2); *Winschel v. Comm'r of Soc. Sec.,* 631 F.3d 1176, 1178 (11th Cir. 2011)). The claimant bears the burden of persuasion through step four; and, at step five, the burden shifts to the Commissioner. *Id.* at 933; *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla, *i.e.*, evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (internal citations omitted); *see also Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (finding that "[s]ubstantial evidence is something more than a mere scintilla, but less than a preponderance") (internal citation omitted).

The Eleventh Circuit has restated that "[i]n determining whether substantial evidence supports a decision, we give great deference to the ALJ's fact findings." *Hunter v. Soc. Sec. Admin., Comm'r,* 808 F.3d 818, 822 (11th Cir. 2015) (citing *Black Diamond Coal Min. Co. v. Dir., OWCP,* 95 F.3d 1079, 1082 (11th Cir. 1996)). Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact,

and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings). It is the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. *Lacina v. Comm'r, Soc. Sec. Admin.*, 606 F. App'x 520, 525 (11th Cir. 2015) (citing *Grant v. Richardson,* 445 F.2d 656 (5th Cir.1971)). The Court reviews the Commissioner's conclusions of law under a *de novo* standard of review. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

### IV. Analysis

#### a. *Whether substantial evidence supports the ALJ's consideration of Plaintiff's headaches*

At step two, the ALJ found that Plaintiff has four severe impairments including headaches. Tr. 15. The ALJ determined that Plaintiff's impairments "could reasonably be expected to cause many of the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of her symptoms are not entirely credible." Tr. 21. In support, the ALJ primarily relied on Plaintiff's lack of objective medical findings supporting her subjective complaints, inconsistent

treatment, noncompliance with medications and frequent trips across the states. Tr. 21-22.

After examining Plaintiff's medical evidence, the ALJ found that regarding Plaintiff's physical impairments, Plaintiff is not "as limited as alleged." Tr. 21. The ALJ explained that despite Plaintiff's long history of subjective complaints, "objective findings in support of these complaints are scant." *Id.* He also determined:

> despite her severe allegations, [Plaintiff] has received intermittent treatment over the course of the last several years. The fact that [Plaintiff] has not received consistent treatment tends to suggest that her condition is not as severe as is alleged. Furthermore, [Plaintiff's] treatment has consisted primarily of medications and routine conservative [care]. [Plaintiff] has tried no alternative therapies for her allegedly disabling conditions. The record also contains evidence of [Plaintiff's] medical non-compliance with respect to her medications. The fact that [Plaintiff] has often gone without taking her medications for significant periods of time suggests that [Plaintiff's] conditions are not as severe as alleged.

Tr. 22.

Plaintiff contests the ALJ's analysis regarding her migraine headaches and credibility, arguing that the ALJ "mischaracterized some of the evidence pertaining to [Plaintiff's] medical treatment." Doc. 26 at 7-8. Plaintiff does not, however, challenge the ALJ's determination that she was not compliant with her treatment plans.[4] *See id.* at 5-8. The Commissioner responds that the ALJ properly considered Plaintiff's headaches and analyzed her relevant medical evidence. Doc. 27 at 4-10.

---

[4] Although Plaintiff does not explicitly raise this argument on appeal, the Court still will examine this issue because she challenged the ALJ's credibility findings. Doc. 26 at 7-8; *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1268-69 (11th Cir. 2015) (citations omitted) ("[Appellate] jurisdiction encompasses not only those issues that a party 'expressly referred to' but also those 'impliedly intended for appeal.'").

The Court finds that the ALJ erred by relying primarily on Plaintiff's noncompliance with her medications and lack of medical treatment and findings without considering any good cause explanation for this failure. Tr. 13-24. The Eleventh Circuit repeatedly has held that a claimant's inability to afford treatment excuses noncompliance with recommended courses. In *Dawkins v. Bowen*, the court explained that when the claimant cannot afford the prescribed treatment, and there is no other way to obtain it, she is excused from noncompliance. 848 F.2d 1211, 1213 (11th Cir. 1988). Courts in this district similarly have questioned an ALJ's reliance on the plaintiff's noncompliance with treatment or medication due to an inability to pay for same. *See, e.g.*, *Zeigler v. Barnhart*, 310 F. Supp. 2d 1221, 1225-26 (M.D. Fla. 2004) (order adopting report and recommendation that case be reversed and remanded to the Commissioner).

More importantly, the Eleventh Circuit opined that remand is appropriate when the "ALJ 'primarily if not exclusively' relies on a claimant's failure to seek treatment, but does not consider any good cause explanation for the failure." *Henry*, 802 F.3d at 1268 (citing *Ellison v. Barnhart*, 355 F.3d 1272, 1275 (11th Cir. 2003)). In *Henry*, the ALJ discounted the weight given to the opinion of a consultative examining physician because of the plaintiff's limited conservative treatment. *Id.* The ALJ specifically cited the plaintiff's failure to seek medical treatment despite plaintiff's statement that he was unable to pay for continued medical treatment. *Id.* The court stated that the ALJ failed to develop the record or address the plaintiff's financial ability to pursue a more rigorous course of treatment. *Id.* Therefore, the

court found that the ALJ failed to consider any good cause explanation for failure to seek medical treatment, and the court remanded the case for further consideration. *Id.*

Similar to the ALJ in *Henry*, despite his awareness of Plaintiff's financial difficulty, the ALJ here erred by not considering any good cause explanation for Plaintiff's lack of medical treatment and noncompliance with medications. Tr. 13-24; *See id.* The ALJ clearly acknowledged that Plaintiff worked as a program analyst at a government agency only "from 1987 through 2003." Tr. 24. The ALJ also noted that Plaintiff "has tried to get mental health treatment but has not been able to." Tr. 18. In addition, Plaintiff testified during the hearing that she did not have a house and worked without compensation from 2003 to 2005 due to her dispute with the agency. Tr. 62, 70. The ALJ further described that:

> [Plaintiff] reported that she has Medicaid and now "crashes" in an efficiency apartment owned by a friend. She does not pay rent. For the last three years, [Plaintiff] has sometimes helped the friend with his rental property including making a phone call or showing the property to prospective renters. Prior to coming to Florida, [Plaintiff] indicated that she lived with another friend in Vermont while taking care of relatives, and with a friend in North Carolina.

Tr. 22.

Nonetheless, without considering Plaintiff's financial difficulty, the ALJ heavily relied on Plaintiff's lack of objective medical findings, scant treatment records and noncompliance with medications in assessing the severity of Plaintiff's impairments, RFC and credibility. Tr. 15-23. At step two, the ALJ determined that Plaintiff's mental impairments are not severe partly because Plaintiff "received little

court found that the ALJ failed to consider any good cause explanation for failure to seek medical treatment, and the court remanded the case for further consideration. *Id.*

Similar to the ALJ in *Henry*, despite his awareness of Plaintiff's financial difficulty, the ALJ here erred by not considering any good cause explanation for Plaintiff's lack of medical treatment and noncompliance with medications. Tr. 13-24; *See id.* The ALJ clearly acknowledged that Plaintiff worked as a program analyst at a government agency only "from 1987 through 2003." Tr. 24. The ALJ also noted that Plaintiff "has tried to get mental health treatment but has not been able to." Tr. 18. In addition, Plaintiff testified during the hearing that she did not have a house and worked without compensation from 2003 to 2005 due to her dispute with the agency. Tr. 62, 70. The ALJ further described that:

> [Plaintiff] reported that she has Medicaid and now "crashes" in an efficiency apartment owned by a friend. She does not pay rent. For the last three years, [Plaintiff] has sometimes helped the friend with his rental property including making a phone call or showing the property to prospective renters. Prior to coming to Florida, [Plaintiff] indicated that she lived with another friend in Vermont while taking care of relatives, and with a friend in North Carolina.

Tr. 22.

Nonetheless, without considering Plaintiff's financial difficulty, the ALJ heavily relied on Plaintiff's lack of objective medical findings, scant treatment records and noncompliance with medications in assessing the severity of Plaintiff's impairments, RFC and credibility. Tr. 15-23. At step two, the ALJ determined that Plaintiff's mental impairments are not severe partly because Plaintiff "received little

court found that the ALJ failed to consider any good cause explanation for failure to seek medical treatment, and the court remanded the case for further consideration. *Id.*

Similar to the ALJ in *Henry*, despite his awareness of Plaintiff's financial difficulty, the ALJ here erred by not considering any good cause explanation for Plaintiff's lack of medical treatment and noncompliance with medications. Tr. 13-24; *See id.* The ALJ clearly acknowledged that Plaintiff worked as a program analyst at a government agency only "from 1987 through 2003." Tr. 24. The ALJ also noted that Plaintiff "has tried to get mental health treatment but has not been able to." Tr. 18. In addition, Plaintiff testified during the hearing that she did not have a house and worked without compensation from 2003 to 2005 due to her dispute with the agency. Tr. 62, 70. The ALJ further described that:

> [Plaintiff] reported that she has Medicaid and now "crashes" in an efficiency apartment owned by a friend. She does not pay rent. For the last three years, [Plaintiff] has sometimes helped the friend with his rental property including making a phone call or showing the property to prospective renters. Prior to coming to Florida, [Plaintiff] indicated that she lived with another friend in Vermont while taking care of relatives, and with a friend in North Carolina.

Tr. 22.

Nonetheless, without considering Plaintiff's financial difficulty, the ALJ heavily relied on Plaintiff's lack of objective medical findings, scant treatment records and noncompliance with medications in assessing the severity of Plaintiff's impairments, RFC and credibility. Tr. 15-23. At step two, the ALJ determined that Plaintiff's mental impairments are not severe partly because Plaintiff "received little

if any treatment for depression in 2005" and "did not seek or receive significant treatment through 2009 suggesting that her condition was not as limiting as alleged during this period." Tr. 16. The ALJ further found that in late 2011, 2012 and 2013, Plaintiff "did not seek or receive mental health counseling or treatment from a mental health professional during this time." *Id.*

In addition, as noted, the ALJ discounted Plaintiff's credibility and assessed Plaintiff's RFC by heavily relying on Plaintiff's infrequent medical treatment, lack of medical findings and noncompliance with her medications. Tr. 18-23. This reliance affected the ALJ's relevant findings, including the weight accorded to the opinions of physicians, such as Stuart R. Stark, M.D., a neurologist. Tr. 23. The ALJ discounted the weight accorded to Dr. Stark's opinions in part because they were heavily based on Plaintiff's subjective complaints, which the ALJ found to be unreliable for the reasons explained above. *Id.* Because the ALJ made his relevant findings largely based on Plaintiff's infrequent medical treatment, lack of medical findings and noncompliance with her medications without seeking any good cause explanation, the Court finds that substantial evidence does not support the ALJ's findings regarding Plaintiff's severity of her mental impairments, RFC and credibility. Tr. 15-23; *see Henry*, 802 F.3d at 1267-68 (citing *Ellison*, 355 F.3d at 1275).

> b. *Whether substantial evidence supports the ALJ's finding that Plaintiff can perform her past relevant work*

The ALJ found that Plaintiff can perform her past relevant work as a program analyst. Tr. 23-24. Plaintiff argues that the ALJ failed to adequately address Plaintiff's mental health limitations and mischaracterized the essence of her last-

held job as a program analyst. Doc. 26 at 9. She also contests that the Dictionary of Occupational Titles ("DOT") definition of the job may differ from her actual duties. *Id.* Specifically, Plaintiff contends that even though the title "'program analyst' is contained in the description of the job in this DOT code number [160.162-022], it is not clear that this is the actual job the claimant performed." *Id.* The DOT code used by the ALJ, Plaintiff further argues, may be more similar to the job description of an accountant than a program analyst. Doc. 26 at 10. To fix the ambiguity, Plaintiff makes the case that the ALJ ought to have employed a vocational expert ("VE"), who would have illustrated that Plaintiff did not possess the RFC—especially mentally—to perform her past relevant work. *Id.* The Commissioner asserts in response that the ALJ was not required to consult with a VE in determining whether Plaintiff can perform her past relevant work, the ALJ properly considered Plaintiff's putative mental limitations, and substantial evidence supports the ALJ's RFC findings. Doc. 27 at 11-12.

Step four of the sequential evaluation process requires the ALJ to determine whether the claimant's RFC allows her to perform any of her past relevant work. 20 C.F.R. § 416.920(a)(4)(iv). The claimant bears the burden of showing that her past work experience is not past relevant work. *Barnes*, 932 F.2d at 1359; *Battle v. Astrue*, 243 F. App'x 514, 522 (11th Cir. 2007) (citing *Lucas v. Sullivan*, 918 F.2d 1567, 1571 (11th Cir. 1990)). The ALJ assesses the claimant's RFC to determine whether the claimant can perform past relevant work despite her impairment. *See* 20 C.F.R. §§ 404.1520(f), 416.920(f). To support a conclusion that the claimant is able to return to

her past relevant work, the ALJ must consider all the duties of that work and evaluate the claimant's ability to perform them in spite of her impairments. *See Lucas,* 918 F.2d at 1574. An ALJ may consider a VE's opinion when making this determination. 20 C.F.R. § 404.1560(b)(2).

Here, contrary to Plaintiff's argument, the Court finds that the ALJ did not err by not consulting a VE in determining whether Plaintiff can perform her past relevant work because the ALJ was not required to do so. *See Lucas*, 918 F.2d at 1573 n.2; *Hernandez v. Comm'r of Soc. Sec.*, 433 F. App'x 821, 823 (11th Cir. 2011) ("Generally, vocational expert testimony is not necessary to determine whether a claimant can perform his past relevant work."); *Schnorr v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987) ("[B]ecause the ALJ concluded that she is capable of performing her past relevant work, testimony from a vocational expert was not necessary.").

Nonetheless, "[a]lthough a claimant bears the burden of demonstrating an inability to return to [her] past relevant work, the Secretary has an obligation to develop a full and fair record." *Schnorr*, 816 F.2d at 581; *see also, Ellison*, 355 F.3d at 1276. Social Security Rule 82-62 requires that, when considering whether a plaintiff can perform past relevant work, the ALJ must consider:

> (1) the individual's statements as to which past work requirements can no longer be met and the reason(s) for his or her inability to meet those requirements; (2) medical evidence establishing how the impairment limits ability to meet the physical and mental requirements of the work; and (3) in some cases, supplementary or corroborative information from other sources such as employers, the *Dictionary of Occupational Titles*, etc."

SSR 82-62, 1982 WL 31386, at *3 (Jan. 1, 1982). Here, because the Court finds that substantial evidence does not support the ALJ's findings regarding the severity of Plaintiff's mental impairments and Plaintiff's RFC and credibility, the Court is unable to determine whether the ALJ properly developed a full and fair record in his opinion that Plaintiff could return to her past relevant work. As a result, the Court finds that remand on this issue also is necessary.

## VI. Conclusion

Upon review of the record, the undersigned concludes that for the reasons cited in the Order, the ALJ failed to apply the proper legal standards and the ALJ's decision is not supported by substantial evidence.

ACCORDINGLY, it is hereby

**ORDERED:**

1. The decision of the Commissioner is **REVERSED** and this matter is **REMANDED** to the Commissioner, pursuant to sentence four of 42 U.S.C. § 405(g); for the Commissioner to:

    A. Reevaluate whether Plaintiff's mental impairments are severe;

    B. Reassess Plaintiff's RFC, subjective complaints, credibility and testimony in light of the findings in this Opinion and Order;

    C. Reexamine Plaintiff's ability to return to her past relevant work based on new findings; and

    D. Conduct any further proceedings deemed appropriate.

2. The Clerk of Court is directed to enter judgment in favor of Plaintiff Lynn M. McGrail and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on this 4th day of September, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record